I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/29/08

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY 29 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DERRICK L. LEWIS,

    Petitioner,

    vs.

JOHN MARSHALL, Warden,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 08-3389-MMM (RNB)

ORDER TO SHOW CAUSE

On May 20, 2008, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.[1] The Petition purports to be directed to the sentence petitioner received on February 2, 2005 in Santa Barbara Superior Court, following petitioner's no contest plea to voluntary manslaughter and his admission of three sentence enhancement allegations.[2] In accordance with the terms of his plea

---

[1]  May 20, 2008 is the proof of service date. The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

[2]  Petitioner had been convicted in 1996 of second degree murder, but his conviction ultimately was overturned by the Ninth Circuit Court of Appeals on
(continued...)

1

1  agreement, petitioner received an upper term sentence of 11 years for the
2  manslaughter conviction, plus an upper term enhancement of 10 years for personal
3  use of a firearm, plus an upper term enhancement of 3 years for street gang
4  participation, for a total aggregate state prison term of 24 years.

5      Petitioner claims that the upper term sentences violated his constitutional rights
6  under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435
7  (2000) Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403
8  (2004), and Cunningham v. California, – U.S. –, 127 S. Ct. 856, 166 L. Ed 2d 856
9  (2007).  Specifically, petitioner contends that, although he executed an "Apprendi-
10  Blakely waiver" at the time of his plea, this waiver constituted only a waiver of his
11  Sixth Amendment right to jury trial with respect to any sentencing factors used to
12  increase his sentence above the midterm and it did not constitute a waiver of his
13  separate due process right under Apprendi to a beyond a reasonable doubt
14  determination of any such sentencing factors.[3]  Petitioner further contends that
15  Cunningham can be applied retroactively, at least back to the date when Blakely was
16  decided and arguably back to the date when Apprendi was decided, since the
17  Supreme Court was not announcing a new rule in Cunningham but rather merely was
18  applying its Apprendi and Blakely holdings to California's Determinate Sentencing
19  Law.
20  //
21
22

_____

23      [2](...continued)
account of a violation of petitioner's constitutional rights under Batson v. Kentucky,
24  476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).  See Lewis v. Lewis, 321 F.3d
25  824, 831 (9th Cir. 2003).

26      [3]     Petitioner points out that the waiver form did not advise him of his right
27  under the Apprendi-Blakely line of cases to a beyond a reasonable doubt
determination.  Moreover, according to petitioner, neither the trial court nor his
28  counsel ever advised him of this right either.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[4]  28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

---

[4]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

1          Under California law in effect at the time of petitioner's conviction, an appeal
2    had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of
3    Court, Rule 8.308(a) [formerly Rule 30.1(a)]. Where the judgment of conviction was
4    entered upon a guilty or nolo contendere plea, the defendant was required to file a
5    notice of intended appeal within the 60-day period, accompanied by a statement
6    "showing reasonable constitutional, jurisdictional, or other grounds going to the
7    legality of the proceedings"; the appeal did not become operative unless and until the
8    trial court executed and filed a certificate of probable cause for appeal. See Cal.
9    Rules of Court, Rule 8.304(b) [formerly Rule 30(b)]; see also Cal. Penal Code §
10   1237.5. Here, petitioner acknowledges that he did not appeal from his judgment of
11   conviction. Consequently, "the date on which the judgment became final by
12   conclusion of direct review or the expiration of the time for seeking such review"
13   here was April 3, 2005, when petitioner's time to file a notice of intended appeal
14   expired.

15         From the face of the Petition, it does not appear that petitioner has a basis for
16   contending that he is entitled to a later trigger date under § 2244(b)(1)(B). Petitioner
17   is not contending that he was impeded from filing his federal petition by
18   unconstitutional state action. Nor does it appear that petitioner has a basis for
19   contending that he is entitled to a later trigger date under § 2244(b)(1)(C). Although
20   petitioner has cited the Supreme Court's 2007 Cunningham decision in support of his
21   sentencing error claim, petitioner is not contending that his federal constitutional right
22   to a beyond a reasonable doubt jury determination was initially recognized in
23   Cunningham. To the contrary, petitioner disputes that the Supreme Court was
24   announcing a new rule in Cunningham; instead, he maintains that the Supreme Court
25   in Cunningham merely was applying to California's Determinate Sentencing Law its
26   holdings from Apprendi and Blakely, both of which predated the date on which
27   petitioner's judgment of conviction became final. Moreover, it is clear that petitioner
28   has no basis for contending that he is entitled to a later trigger date under §

                                            4

1  2244(b)(1)(D). Petitioner was aware of the **factual** predicate of his sentencing error
2  claim as of the date he was sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3
3  (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or
4  through diligence could discover) the important facts, not when the prisoner
5  recognizes their legal significance").

6      Thus, unless a basis for tolling the statute existed, petitioner's last day to file
7  his federal habeas petition was April 3, 2006. See Patterson v. Stewart, 251 F.3d
8  1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

9      28 U.S.C. § 2244(d)(2) provides:
10     "The time during which a properly filed application for State post-
11     conviction or other collateral review with respect to the pertinent
12     judgment or claim is pending shall not be counted toward any period of
13     limitation under this subsection."

14

15     In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104
16  (2000), the Ninth Circuit construed the foregoing tolling provision with reference to
17  California's post-conviction procedures. The Ninth Circuit held that "the statute of
18  limitations is tolled from the time the first state habeas petition is filed until the
19  California Supreme Court rejects the petitioner's final collateral challenge." See id.
20  at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
21  2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's
22  application for collateral review remains "pending" during the intervals between the
23  time a lower state court denies the application and the time the petitioner files a
24  further petition in a higher state court). However, the statute of limitations is not
25  tolled during the interval between the date on which the judgment of conviction
26  became final and the filing of the petitioner's first collateral challenge. See Nino,
27  supra.
28  //

5

1    Here, petitioner has not specified in the Petition the date on which he filed his
2 first collateral challenge in Santa Barbara Superior Court. However, he has indicated
3 that he filed his state habeas corpus petitions following the Supreme Court's
4 Cunningham decision.  Cunningham was decided on January 22, 2007.  Thus,
5 petitioner is not entitled to any statutory tolling for any of his state habeas petitions,
6 since the first of them was not filed until after petitioner's federal filing deadline of
7 April 3, 2006 already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823
8 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations
9 period that has ended before the state petition was filed," even if the state petition was
10 timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482
11 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert.
12 denied, 534 U.S. 1143 (2002).

13    The Ninth Circuit has held that the district court has the authority to raise the
14 statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
15 petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the
16 Rules Governing Section 2254 Cases in the United States District Courts, so long as
17 the court "provides the petitioner with adequate notice and an opportunity to
18 respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
19 260 F.3d 1039, 1042-43 (9th Cir. 2001).

20    IT THEREFORE IS ORDERED that, on or before **July 3, 2008**, petitioner
21 show cause in writing, if any he has, why the Court should not recommend that this
22 action be dismissed with prejudice on the ground of untimeliness.  If petitioner
23 intends to rely on the equitable tolling doctrine, he will need to include with his
24 response to the Order to Show Cause a declaration under penalty of perjury stating
25 facts showing (1) that he has been pursuing his rights diligently, and (2) that some
26 "extraordinary circumstances" beyond petitioner's control stood in his way and/or
27 made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544
28 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert,

465 F.3d 964, 969 (9th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1880 (2007); <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: <u>May 28, 2008</u>

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE